(No. 34392.—

JAMES LEON HALL *et al.,* Appellants, *vs.* CARL E. GILLINS, Appellee.

*Opinion filed January 24, 1958.*

JOHN ALAN APPLEMAN, of Urbana, and JOHN A. RUT-LEDGE, of Arthur, for appellants.

RAY F. DOBBINS, of Champaign, and CLAUSEN, HIRSH & MILLER, of Chicago, (JOHN C. HAYES, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Owen Hall was fatally injured in an automobile collision. Grace Hall, his widow, and James Hall, his surviving nine-year-old son, by his mother as next friend, filed the complaint in this case. They alleged that the collision was due to the negligence of the defendant, and that as a direct result of that negligence each plaintiff was deprived of the support, companionship, guidance, advice and affection of the husband and father. The widow requested damages of $142,450; the son $47,500. The trial court dismissed the complaint on defendant's motion.

On this direct appeal the plaintiffs argue that they possess "hitherto unrecognized common law rights of action for the destruction of the family unit" which are distinct and wholly different from the wrongful death action provided by statute. (Ill. Rev. Stat. 1957, chap. 70, pars. 1, 2.)

They contend that their rights of action cannot be barred by the Wrongful Death Act because section 19 of article II of our constitution provides that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; * * *." That provision, they say, means a complete and adequate remedy, which the Wrongful Death Act does not provide.

The defendant's position is that the plaintiffs can not maintain their action because the statute requires that wrongful death actions shall be brought by the personal representative of the deceased, and the plaintiffs' action does not differ in essence from the statutory action. They argue also that no common-law action exists because death abated any possible action at common law, and that the constitution guarantees to the plaintiffs no more than the remedy allowed by statute.

The common-law rule that no cause of action exists for a wrongful death dates back to *Huggins* v. *Butcher,* decided in 1607. (1 Brownl. & Golds. 205, Yelv. 89, 80 Eng. Rep. 61.) It was crystallized in Lord Ellenborough's instruction to the jury in *Baker* v. *Bolton,* 1 Camp. 493, 170 Eng. Rep. 1033, (1808). The plaintiffs point out that no satisfactory reasons for the rule have ever been advanced, and that it has been universally criticized. (See, Holdsworth, Origin of the Rule in *Baker* v. *Bolton,* 1916 32 L. Q. Rev. 431, and authorities collected in Prosser on Torts, 2d ed., sec. 105.) They direct attention to the fact that other injuries to the family relationship have been held to be actionable, (*Johnson* v. *Luhman,* 330 Ill. App. 598; *Daily* v. *Parker,* 152 F.2d (C.C.A. 7) 174; cf. *Heck* v. *Schupp,* 394 Ill. 296,) and they emphasize the anomaly that stems from the statutory limitation upon the amount recoverable in a wrongful death action—"the injustice of giving $200,000 for a lost arm and limiting recovery for death to $25,000 * * *."

The argument against the common-law rule that refused to allow an action for wrongful death is an appealing one. The reasons for the rule, principally grounded as they are in the old notion that the civil action for the death merged in the criminal action, have no significance today. If no more was involved than departure from an outworn precedent, plaintiffs' argument would be persuasive. But the common-law rule has everywhere been changed by legislation, and since 1853 recovery has been permitted in Illinois under a statute that follows the outlines of Lord Campbell's Act which was originally enacted in England in 1846. ( Laws of Illinois, 1853, p. 97; 9 & 10 Vict. c. 93; Prosser on Torts, 2d ed., sec. 105.) We are asked to hold that the remedy that the legislature has provided is invalid because it is inadequate, or alternatively to overturn the old common-law rule and establish a new common-law remedy.

In our opinion the constitutional question is not formidable when it is considered in the context of the situation that existed when the statute was originally enacted. At that time no action whatsoever was permitted for a wrongful death. The legislature took away no right when it enacted the statute. It created both the right and the remedy, and we think that its power to limit the maximum recovery in the action that it created can not be questioned. The fact that most States place no limit upon the amount recoverable, or that the legislative limit may seem unduly low when contrasted with recoveries in other actions, does not affect the power of the legislature, or the validity of its action.

The adequacy of the remedy that the legislature has provided, however, does have a bearing when we are asked, as a common-law court, to review the remedies available and to determine whether or not a new one should be recognized. The Wrongful Death Act provides that an action may be brought against the tortfeasor whenever the death of a

person is caused by the wrongful act, neglect or default of another under circumstances that would have permitted the injured person to recover if death had not ensued. The action is to be brought by the personal representative of the deceased, for the benefit of the widow and next-of-kin. The statute limits the amount recoverable. The limit applicable to this case is $25,000. (Ill. Rev. Stat. 1957, chap. 70, pars. 1 and 2.) The differences between the action that the plaintiffs would have us authorize and the action that the legislature has already authorized relate to the parties who can maintain the action, the elements of damage that may be taken into account, and the amount recoverable.

Considering first the difference in the parties who are entitled to sue, it is apparent that in a closely knit society the death of any one person will usually disrupt the pattern of many lives. Certainly the radiations of such an event are not confined to the immediate family circle. It is possible, of course, to contemplate a system of law that would, in the case of a death caused by the wrongful conduct of another, impose liability upon the wrongdoer in favor of all persons whose rights were affected in any degree. But the common law has characteristically imposed close limits upon the parties entitled to sue. If the deceased in this case had survived, for example, his injuries might have been such as to inflict upon these plaintiffs deprivations of the same kind and of equal severity. Yet the only person entitled to recover would be the injured man himself.

In common-law fashion, the legislative remedy limits recovery to a small class of persons who are immediately affected by the death. To avoid multiple lawsuits, it also requires that a single action be brought on behalf of the members of that class. The recovery that it provides is free from the claims of creditors of the deceased. The plaintiffs in this case are themselves members of the class for whom recovery is permitted under the statute.

So far as elements of damage are concerned, the statute provides that "the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death * * *." The gap between the "damages for destruction of the family unit" that plaintiffs claim, and the "just compensation with reference to the pecuniary injuries resulting from such death" that the statute allows, is not so wide as the words used would suggest. The term "pecuniary injuries" has received an interpretation that is broad enough to include most of the items of damage that are claimed by the plaintiffs in this case. Each plaintiff alleges deprivation of support as well as deprivation of the companionship, guidance, advice, love and affection of the deceased. Loss of support is of course an element of damages under the statute. Indeed so far as these plaintiffs are concerned, since they are the widow and a lineal kinsman, "a presumption of pecuniary loss obtains from the relationship, alone, sufficient to sustain a verdict and judgment awarding substantial damages, without proof of actual loss." (*Howlett* v. *Doglio*, 402 Ill. 311, 316.) The broad scope of the phrase "pecuniary injuries" is further shown by those cases which hold that in the case of a child the jury may taken into account the loss of instruction and moral, physical and intellectual training brought about by the death of the father. *Goddard* v. *Enzler*, 222 Ill. 462; *Ittner Brick Co.* v. *Ashby*, 198 Ill. 562; *Illinois Central Railroad Co.* v. *Weldon*, 52 Ill. 290.

We come then to the final point of difference, the statutory limit upon the amount recoverable. It is here that the plaintiffs' argument presses most strongly upon us, for in most of the States there is no arbitrary limit upon the amount recoverable in a wrongful death action, and it is common knowledge that larger damages are often recovered for injuries than are permitted under our statute when the

same wrongful conduct of the defendant has resulted in death. On the other hand, the adequacy of the monetary limit has been a source of constant legislative concern, particularly in recent years. The original limitation of $5000 upon the amount of recovery was increased to $10,000 in 1903 (Laws of 1903, p. 217); to $15,000 in 1947 (Laws of 1947, p. 1094); to $20,000 in 1951 (Laws of 1951, p. 393); to $25,000 in 1955 (Laws of 1955, p. 2006) and to $30,000 in 1957. Laws of 1957, p. 1939.

Under these circumstances we are of the opinion that the differences between the action sought to be maintained and the action that is available under the statute are not sufficiently significant to warrant us in recognizing a new remedy. The point of greatest concern has been the subject of frequent legislative attention. Further legislative action appears likely, and the likelihood of legislative action has always militated against judicial change. We hold, therefore, that the circuit court of Douglas County properly dismissed the complaint.

*Judgment affirmed.*