WILLIAM J. CARTER, Adm'r of the Estate of Tiffany Leah Carter, Deceased, and Ex'r of the Estate of Beverly I. Carter, Deceased, Plaintiff and Counterdefendant-Appellee, v. CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, Defendant and Counterplaintiff-Appellant.

Fourth District   No. 4—85—0297

Opinion filed January 9, 1986.

Graham & Graham, of Springfield (Charles E. Holt, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (John A. Ess and Kevin L. Mechler, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

The defendant-counterclaimant, Chicago & Illinois Midland Railway Company (railway), appeals from an order of the circuit court of Menard County which dismissed its counterclaim for contribution against William J. Carter, as administrator of the estate of Beverly I. Carter, deceased. We find that the recent opinion of the supreme court in *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, is controlling and thus affirm.

The plaintiff, as executor of the estate of his wife, Beverly Carter, and as administrator of the estate of his daughter Tiffany Carter, brought wrongful death actions against the railway in the circuit court of Menard County. A jury awarded him $120,000 in damages on account of the death of Beverly, but reduced that award by 90% on comparative negligence principles. The jury also awarded him $5,000 on account of the death of Tiffany. That award was not reduced.

Post-trial motions were filed. The trial court denied the railway's motion as to Beverly's estate, but granted a new trial on plaintiff's motion on damages only as to Tiffany's estate, holding that the $5,000 was inadequate. The court also made the requisite finding under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), and the judgment as to Beverly's estate was appealed to this court. That judgment was affirmed. *Carter v. Chicago & Illinois Midland Ry. Co.* (1985), 130 Ill. App. 3d 431, 474 N.E.2d 458; *appeal denied* (1985), 106 Ill. 2d 17.

Meanwhile, during the pendency of the appeal in Beverly's estate and prior to the retrial on damages only in Tiffany's estate, the railway filed a counterclaim seeking contribution from Beverly's estate for any damages awarded to Tiffany's estate on retrial. On motion of Tiffany's estate the counterclaim was severed and a subsequent motion of Beverly's estate to vacate the severance was denied. The retrial was held commencing November 13, 1984, and on that date Beverly's estate filed a motion to dismiss the counterclaim. That motion was taken under advisement by the trial court pending the out-

come of the retrial.

On retrial a jury returned a verdict of $200,000 in favor of Tiffany's estate on which the trial court entered judgment. That judgment is the subject of a separate appeal now pending in this court.

On March 28, 1985, the trial court dismissed the counterclaim, relying upon the opinion in *Laue* which was handed down on November 30, 1984. The basis of the trial court's judgment was that the counterclaim was not filed in a "pending action." This appeal followed.

A chronology of events is significant to our affirmance. A brief synopsis of the salient dates follows:

| | |
|---|---|
| Complaint filed | February 10, 1982 |
| Trial as to both estates | January 9, 1984 |
| New trial on damages as to Tiffany's estate ordered | March 27, 1984 |
| Notice of appeal as to Beverly's estate filed | April 10, 1984 |
| Retrial as to Tiffany's estate scheduled for November 1984 | March 27, 1984 |
| Counterclaim filed | September 26, 1984 |
| Motion to sever counterclaim allowed | October 26, 1984 |
| Motion to vacate severance denied | November 13, 1984 |
| Retrial as to Tiffany's estate | November 13, 1984 |
| *Laue* opinion filed | November 30, 1984 |
| Counterclaim dismissed | March 28, 1985 |

The root question to be decided is whether or not the counterclaim was filed in a "pending action" as provided in section 5 of "An Act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1983, ch. 70, par. 305). That section provides:

"A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action."

In *Laue* the supreme court interpreted section 5. It held that where no action is initiated by the injured party, a claim for contribution may be asserted by a separate action before or after payment. However, if an action is pending, the contribution claim must be asserted by counterclaim or third-party complaint in the pending action.

The railway asserts that since its counterclaim was filed prior to the commencement of the new trial on damages only in Tiffany's estate, it was filed in a "pending action" within the meaning of the statute. We do not agree, and note parenthetically that the railway delayed six months before such filing.

■ A new trial is a proceeding *de novo* (*Travelers Insurance Co. v. Robert R. Anderson Co.* (1983), 112 Ill. App. 3d 812, 445 N.E.2d 1189), but a new trial on damages only is limited to just that: damages only. In order to assert a claim for contribution against Beverly's estate, the railway would need to show that the estate is "liable in tort" for the wrongful death of Tiffany. (Ill. Rev. Stat. 1983, ch. 70, par. 302.) Questions of liability have no place in a new trial limited to damages only.

In *Laue*, the supreme court stated the rationale for the requirement of "pending action" as follows:

"In addition to the fact that the statutory language of section 5 clearly requires the filing of an action for contribution in the original action, there are strong public policy reasons for such a requirement. One jury should decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts. Requiring the parties to litigate the matter in one suit will also save court time and attorney fees." (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196-97, 473 N.E.2d 939, 942.)

These strong public policy reasons enunciated in *Laue* support the position that a "pending action" is a pending action in which the issues of liability are to be determined. The railway should have filed its claim for contribution in the original action so that the liability of the railway, and the percentages of liability between Beverly's estate and the railway as to Tiffany's estate could have been determined at the original trial.

Although we do not rest our decision on the point, it should be noted that the railway sought in its counterclaim the same percentage of contribution (90%) as the jury found to be the contributory negligence of Beverly. This was improper. In the appellate opinion in *Laue* (*Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 946, 458 N.E.2d 622, 628), the court noted that Leifheit's "liability 'in tort' has never been established; only her lack of due care for her own safety." The appellate court noted that a finding of comparative negligence does not automatically convert the percentage of comparative negligence into the same percentage of contribution. The supreme court left this aspect of the appellate opinion intact.

■ Finally, the railway argues that the trial court abused its discretion in severing the counterclaim. It bases the argument on the fact that all parties and the trial court assumed that the counterclaim would be tried at a later date and the *Laue* decision intervened to dis-

credit the assumption. It holds this state of affairs to be inequitable.

The decision to sever must be viewed in the context of affairs as they stood at the time of the order. The new trial had been allowed and allotted six months before the filing of the counterclaim and the trial date was only six weeks away. The trial court's stated reason for the severance was to avoid unreasonable delay of the new trial. Neither the trial court nor the parties could predict the decision in *Laue*, although the possibility of affirmance was always present. Such a possibility should not be the basis for trial delay. A severance is a matter of discretion and will not be overturned except for an abuse of that discretion. (*Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 400 N.E.2d 934.) We find no abuse here.

In any event, in view of the interpretation we have given a "pending action," the counterclaim was not properly filed in the first place.

The order of the circuit court of Menard County is affirmed.

Affirmed.

GREEN and MORTHLAND, JJ., concur.