WILLIAM J. CARTER, as Adm'r of the Estate of Tiffany Leah Carter, Deceased, Plaintiff-Appellee, v. CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, Defendant-Appellant (William J. Carter, as Ex'r of the Estate of Beverly I. Carter, Deceased, Plaintiff; Chicago & Illinois Midland Railway Company, Counterclaimant-Plaintiff; William J. Carter, as Ex'r of the Estate of Beverly I. Carter, Deceased, Counterclaimant-Defendant).

Fourth District   No. 4—85—0298

Opinion filed June 16, 1986.—Rehearing denied July 21, 1986.

Charles E. Holt, of Graham & Graham, of Springfield, for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

The appeal marks the third appearance of this star-crossed case in this court. All three grow out of a tragic accident in which the plaintiff's wife and infant daughter were killed in an automobile-train collision at a public crossing in Menard County on October 9, 1981. A jury trial seeking damages for the wrongful deaths was held in Menard County in January 1984 and resulted in verdicts for the plaintiff of $120,000 for the death of his wife and $5,000 for the death of his daughter. The verdict for the wife was reduced by 90% under comparative-negligence principles. Finding that the damages on behalf of the daughter were inadequate, the trial court granted a new trial on damages only as to her. Plaintiff appealed the verdict as to the wife, and we affirmed. *Carter v. Chicago & Illinois Midland Ry. Co.* (1985), 130 Ill. App. 3d 431, 474 N.E.2d 458 *(Carter I).*

Prior to the new trial on damages only for the daughter, defendant filed a counterclaim seeking contribution from the wife's estate for any damages awarded to the daughter's estate. The trial court severed the counterclaim, and the new trial resulted in a verdict of $200,000 on behalf of the daughter. On February 14, 1985, defendant's post-trial motion was denied.

On March 28, 1985, the trial court entered an order dismissing the counterclaim and on motion of defendant made a finding under Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) that no just reason existed for delaying an appeal from the result of the new trial. Plaintiff argued at the time that the appeal from the new trial should have been taken within 30 days from February 14 in accordance with Supreme Court Rule 303(a)(1) (103 Ill. 2d R. 303(a)(1)). Separate appeals were docketed in this court: the instant appeal under our number 4—85—0298 and an appeal from the dismissal of the counterclaim under our number 4—85—0297.

These appeals were first consolidated on our own motion, but upon learning that the question raised in the instant appeal was also pending in the supreme court in *Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.* (1986), 111 Ill. 2d 532, 490 N.E.2d 1268, again on our own motion, we ordered the appeals severed and first considered the appeal from the dismissal of the counterclaim. We affirmed the dismissal. *Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 140 Ill. App. 3d 25, 487 N.E.2d 1267 *(Carter II).*

After the supreme court handed down its opinion in *Northtown Warehouse*, we directed supplemental briefing by the parties as to the application of that case to this one. We have concluded that *Northtown Warehouse* is controlling and that we are without jurisdiction of the instant appeal.

The positions of the parties are clear. Plaintiff argues that the order of February 14, 1985, denying defendant's post-trial motion was a final order and that any appeal from it had to be taken within 30 days pursuant to Rule 303(a)(1). Defendant, contra, argues that on that date it still had a pending counterclaim; hence, the order did not dispose of all issues between the parties and the finding under Rule 304(a) makes this appeal timely.

■ One preliminary matter must be disposed of before proceeding to the jurisdictional question. Shortly after the notice of appeal was filed in this case, the plaintiff-appellee filed a motion to dismiss the appeal based on the same jurisdictional grounds as are now argued. We denied that motion and the defendant-appellant now argues that the issue cannot again be raised. We do not agree. The situation is parallel to that which exists on the trial level. There, a denial of a pretrial motion to dismiss a complaint is no bar to the raising of the same or a similar motion during and after trial. So, on the appellate level the denial of a motion to dismiss filed before the appellant's brief is due is no bar to raising the same question in the appellee's brief. Our ruling in this case was made without the benefit of the briefs and arguments of the parties, and, in a sense, both the motion and the ruling were premature, but, in any event, we do not regard the ruling as binding upon us. It has long been held in this State that the denial of a motion to dismiss a complaint, or the denial of a motion for summary judgment, is not a final order, the rationale being that the ruling could be changed in the course of trial. By analogy, a denial of a contested motion to dismiss an appeal prior to briefing and argument is not final and is subject to revision at any time prior to disposition of the appeal. Compare *Mt. Vernon Girl Scout Council v. Girl Scouts of United States of America* (1965), 55 Ill. App. 2d 443, 205 N.E.2d 474.

■ In *Northtown Warehouse* the plaintiff sued an insurance company and its agent for failure to provide insurance against a loss. Both the company and the agent filed counterclaims against the other for indemnity. These were severed prior to trial. The plaintiff recovered a verdict and the defendants appealed. The appellate court reversed, holding that a finding under Supreme Court Rule 304(a) was required in order to vest it with jurisdiction. The supreme court re-

versed the appellate court, holding that the counterclaims created separate causes of action and since the verdict disposed of all issues between the plaintiff and the defendants, the judgment on that verdict was final and hence appealable under Supreme Court Rule 301 (87 Ill. 2d R. 301). In doing so, the court said:

> "Whether the trial court, in severing plaintiff's claim from defendants' counterclaims, created two separate actions or merely separate trials logically depends upon the relationship of the claims to each other. Where the plaintiff's claim is unrelated and distinct from the counterclaim, the plaintiff's claim, if severed from the counterclaim, should be treated as a separate action. As such, an appeal should be allowed from a final judgment entered in the severed action without the findings required by Rule 304(a), just as if the case had proceeded as a single-claim action all along. (Cf. Salyers v. Board of Governors (1979), 69 Ill. App. 3d 356, 358.) Therefore, we adopt the Federal rule which provides that an appeal from a final judgment on a validly severed single claim may be taken without the required findings of appealability and enforceability notwithstanding the pendency of the counterclaim unless the severance amounts to an abuse of discretion." Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co. (1986), 111 Ill. 2d 532, 537-38, 490 N.E.2d 1268, 1270.

The supreme court then has laid down a dual test in the matter: (1) Is the severance an abuse of discretion? and (2) is the plaintiff's claim unrelated and distinct from the counterclaim? In our opinion the instant case meets both prongs of the test.

As to the first, the severance was held not to be an abuse of discretion in Carter II. Under familiar principles this has become the law of the case.

■ As to the second, the Northtown Warehouse court held that a counterclaim for indemnity was unrelated and distinct from a claim for damages. In the instant case the counterclaim is for contribution, an action in all respects the same as indemnity except that it seeks to apportion damages while indemnity seeks to shift the entire judgment. It follows that if indemnity is unrelated and distinct to a claim for damages, so is contribution. Beyond that, in the instant case the retrial was for damages only, not on liability. Under section 2 of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1983, ch. 70, par. 302), it would be required that the defendant establish that the estate of the wife would be "liable in tort" to the estate of the daughter. Thus, under the facts here the counterclaim for con-

tribution was necessarily a wholly distinct cause of action, the question of liability not being a part of a trial on damages only.

■ Next we consider the question of the retroactive application of *Northtown Warehouse.* Federal courts have generally taken the position that judicial decisions are given retroactive as well as prospective effect. See, for example, *Equal Employment Opportunity Com. v. MTC Gear Corp.* (N.D. Ill. 1984), 595 F. Supp. 712; *Gardner v. Illinois Bell Telephone Co., Communications Workers of America-District 5, AFL-CIO* (C.D. Ill. 1982), 548 F. Supp. 177.

Our supreme court has limited the retroactive effect of its decisions where a change in the law would impose an undue hardship upon those who relied upon the prior law (*Nabisco, Inc. v. Korzen* (1977), 68 Ill. 2d 451, 369 N.E.2d 829) or where an issue is of first impression, the resolution of which was not clearly foreshadowed (*Brown v. Metzger* (1984), 104 Ill. 2d 30, 470 N.E.2d 302).

Although the issues presented in *Northtown Warehouse* had not previously been determined by the supreme court, the result was clearly foreshadowed in *Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 387 N.E.2d 1129. In that case the plaintiff filed a complaint in four counts: counts I and II were against the Board of Governors and alleged due process violations; counts III and IV were against individual defendants and alleged defamation. The latter counts were severed by the trial court and summary judgment was entered in favor of the defendant board as to counts I and II. On appeal it was held that the summary judgment was a final order for purposes of appeal under Supreme Court Rule 301 (87 Ill. 2d R. 301) and that Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) was not applicable. The rationale was that after the severance multiple claims and multiple parties no longer were involved. *Salyers* was cited with approval by the supreme court in *Northtown Warehouse.* Federal cases interpreting the Federal rule upon which our Rule 304(a) is based have reached the same result as that in *Northtown Warehouse. United States v. O'Neil* (5th Cir. 1983), 709 F.2d 361.

■■ Moreover, a decision on a question of jurisdiction by the very nature of the subject matter must be retroactive. We find pertinent the statement of the Supreme Court in *Firestone Tire & Rubber Co. v. Risjord* (1981), 449 U.S. 368, 379, 66 L. Ed. 2d 571, 582, 101 S. Ct. 669, 676: "A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only." Compare *Gates v. United States* (7th Cir. 1975), 515 F.2d 73, stating the rule in the context of interpretation of statutes and noting that a statute

does not mean one thing prior to a judicial interpretation and another afterwards.

We therefore conclude that *Northtown Warehouse* is applicable to the instant case and that we lack jurisdiction. Therefore, this appeal must be dismissed.

Appeal dismissed.

McCULLOUGH, P.J., and GREEN, J., concur.