WILLIAM J. CARTER, as Adm'r of the Estate of Tiffany Leah Carter, Deceased, Plaintiff-Appellee, v. CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, Defendant and Appellant and Counterclaimant-Plaintiff (William J. Carter, as Ex'r of the Estate of Beverly I. Carter, Deceased, Plaintiff and Counterclaimant-Defendant).

Fourth District   No. 4—85—0298

Opinion filed April 21, 1988.—Rehearing denied May 27, 1988.

Graham & Graham, of Springfield (Charles E. Holt, of counsel), for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This appeal concerns the remaining issues in litigation resulting from a collision occurring in Menard County on October 9, 1981, between a train of defendant Chicago & Illinois Midland Railway Company (CIM) and a van driven by decedent Beverly I. Carter (Beverly). Her daughter, decedent Tiffany Leah Carter (Tiffany), was a passenger in that van. On February 10, 1982, William J. Carter, husband and father of the respective decedents and their personal representative, filed suit in that capacity in the circuit court of Menard County against CIM seeking recovery for their allegedly wrongful deaths which resulted from the collision. A jury trial was held, and the jury returned verdicts against CIM and in favor of Beverly's estate for $120,000 (reduced to $12,000 because Beverly's negligence was found to be 90%) and $5,000 for Tiffany's estate. Appropriate judgments were entered on those verdicts.

The court denied a post-trial motion made on behalf of Beverly's estate and made a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) making the judgment on that portion of the case appealable. On appeal, we affirmed (*Carter v. Chicago & Illinois Midland Ry. Co.* (1985), 130 Ill. App. 3d 431, 474 N.E.2d 458), and the supreme court denied leave to appeal. Pursuant to a post-trial motion by Tiffany's estate the circuit court granted a new trial to that estate on the question of damages only. The propriety of that order is before us on this appeal.

After the grant of the new trial, CIM filed a counterclaim against Beverly's estate seeking contribution for any damages assessed at the new trial in favor of Tiffany's estate and against CIM. On the motion of Tiffany's estate, the counterclaim was severed from the complaint of Tiffany's estate for the purposes of the retrial on the issue of damages. After retrial, a judgment was entered on a verdict for $200,000 in favor of Tiffany's estate. On February 14, 1985, a timely post-trial motion by defendant was denied. Subsequently, at CIM's request, a finding was made pursuant to Supreme Court Rule 304(a) on March

28, 1985. Then, on April 26, 1985, which was less than 30 days from the Rule 304(a) finding but more than 30 days from the court's denial of the post-trial motion on February 14, 1985, defendant filed a notice of appeal.

Meanwhile, on March 28, 1985, the circuit court dismissed CIM's counterclaim as being untimely filed under the holding in *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939. On appeal from the order of dismissal, this court affirmed (*Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 140 Ill. App. 3d 25, 487 N.E.2d 1267) and leave to appeal was denied by the supreme court. Subsequently, we considered the appeal from the $200,000 judgment. We concluded the decision of the supreme court in *Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.* (1986), 111 Ill. 2d 532, 490 N.E.2d 1268, required us to hold that the order of February 14, 1985, denying CIM's post-trial motion was final as to all claims and parties in the case, because the severance of the counterclaim had made it a separate action. If that conclusion had been correct, the notice of appeal filed on April 26, 1985, would have been untimely by the terms of Supreme Court Rule 303 (107 Ill. 2d R. 303), and we would not have had jurisdiction. Thus, based on that conclusion, we dismissed the appeal without considering other issues. *Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 144 Ill. App. 3d 437, 494 N.E.2d 892.

The supreme court granted leave to appeal from our dismissal of the appeal in the above case. In an opinion which modified the views expressed in *Northtown*, the supreme court concluded the separation of the claim of Tiffany's estate from CIM's counterclaim against the estate of Beverly Carter for retrial was not a sufficient severance to completely separate the actions. Accordingly, that court reversed our decision of dismissal holding that the time for filing notice of appeal did not begin until the entry of the Rule 304(a) finding on March 28, 1985, and the filing of the notice of appeal on April 26, 1985, was timely. The cause was remanded to this court to consider the other issues raised by CIM on its appeal from the $200,000 judgment. *Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 119 Ill. 2d 296, 518 N.E.2d 1031.

We now consider the other contentions made by CIM. They are: (1) the circuit court erred in granting the new trial on damages only; (2) the circuit court erred in permitting the jury to award damages for the loss of society of a sibling; (3) the damage award was excessive and against the manifest weight of the evidence; (4) the phrase "pecuniary injuries" in the statute permitting recovery for wrongful death is so vague as to deprive defendant of due process; and (5) the circuit

court erred in certain other rulings. Our decision on the first two issues is dispositive. We hold the trial court did not err in awarding a new trial on damages only but the court did commit reversible error in permitting the jury to award damages for loss of the society of a sibling. We must reverse and remand for another new trial as to damages only.

▇ CIM maintains Tiffany's estate waived any right to a new trial on damages only by not making such a request in its post-trial motion after the first trial. (See Ill. Rev. Stat. 1983, ch. 110, pars. 2—1202(b), (e).) That estate did request a new trial on all issues in that motion. We recognize that granting a plaintiff a new trial on damages only grants that party more favorable relief than granting a new trial on all issues. Nevertheless, we hold a request for a new trial on certain aspects of a case to be included in a request for a new trial. We reject CIM's assertion of waiver.

▇ The new trial as to damages was awarded on the basis that the damages of only $5,000 were inadequate as a matter of law. Tiffany was a four-year-old child who was riding as a passenger in the van. Clearly, the award was not reduced by the jury because of any contributory negligence on her part. Moreover, $2,116 of the award covered the amount spent by her estate for funeral and burial expenses. Thus, the jury determined the damages suffered by her next of kin were in the sum of only $2,884 despite the undisputed evidence Tiffany was an intelligent, vivacious child who brought love and joy to her father. In ordering a new trial for damages only, the trial court indicated it felt bound to make the ruling because of the precedent of this court's decision in *Long v. Bennett* (1977), 55 Ill. App. 3d 50, 370 N.E.2d 627.

In *Long*, the circuit court had awarded damages for a wrongful death in a sum which allowed only $8,000 to the next of kin. The decedent was undisputedly shown to be a healthy, athletic, and an intelligent son who was devoted to his surviving parents and who had a life expectancy of 54.2 years. CIM contends the evidence of loss there was substantially greater than here. CIM also maintains we should overrule *Long*. The decedent there was older than here, and he had a longer time to demonstrate his virtues. However, award to the next of kin there was almost twice as high as here and made at a time when each dollar had more value. The awards here and there are comparable in their inadequacy. The cases are analogous.

The theory of CIM which would require us to overrule *Long* arises from the decision in *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237, where the circuit court had entered judgment on a verdict find-

ing a defendant guilty of tortiously causing the death of a two-week-old child with substantial incurable congenital defects. The supreme court recognized the presumption of pecuniary loss to parents of a deceased minor but deemed the evidence of the child's defects to have justified the jury's determination that the presumption was rebutted and that the parents of the minor did not suffer pecuniary damage as a result of the child's death.

The *Flynn* court described the presumption of pecuniary loss as a presumption which placed a burden on the defendant to present contrary evidence which the jury was required to weigh. The court then stated: "Implicit in the right to weigh the presumption is the right to give it no weight at all." (*Flynn*, 41 Ill. 2d at 240, 242 N.E.2d at 240.) CIM contends the foregoing language indicates the jury always has discretion to disregard the presumption. As indicated in *Long*, we deem the *Flynn* language merely to permit the jury to disregard the presumption when rebutting evidence has been produced. Such rebutting evidence was introduced in *Prather v. Lockwood* (1974), 19 Ill. App. 3d 146, 310 N.E.2d 815, but none was introduced in *Long* or at the first trial here.

Since the first trial here, the law in regard to damages which may be awarded in wrongful death cases when the decedent is a child survived by a parent has changed. In *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228, which will be more thoroughly discussed later, the court held recovery may be obtained for the parents' loss of the society of the child, but the presumption of pecuniary loss no longer exists. However, the presumption was in force at the time of the first trial, and the evidence in regard to the nature of the child was all positive. We recognize the wide discretion vested in the trier of fact in determining the amount of damages to award for the loss of a child even when the presumption was in force and unrebutted. (*Trotter v. Moore* (1983), 113 Ill. App. 3d 1011, 447 N.E.2d 1340, *rev'd on other grounds* (1984), 101 Ill. 2d 551, 468 N.E.2d 1236 (supervisory order).) Nevertheless, we held that discretion was breached in *Long*, and we determine that discretion was also breached in the first trial here.

■ Finally, in regard to the award of a new trial on damages only, CIM asserts that even if the damage award were inadequate, conditions did not exist which justified allowing the determination of liability against it to stand and limiting the issues on new trial to damages. In *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275, the supreme court held that the court may set aside a jury's verdict as inadequate and grant a new trial on the question of

damages only where (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability. See also *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 380 N.E.2d 786.

■ Here, the determination of CIM's liability was fully supported by the evidence. The verdict in favor of the estate of Beverly I. Carter at the original trial found CIM guilty of negligence which was a proximate cause of the collision, and defendant did not appeal the judgment entered on the verdict although that judgment was made appealable by the court's finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). The questions of damages and liability are clearly separate. Undisputedly, Tiffany was killed in the collision. The manner in which the death occurred has no bearing on the nature of the damages suffered by the next of kin. Where, as in this portion of the case, no question exists as to contributory negligence on the part of Tiffany, which, under former law, would bar recovery and now, under comparative negligence, would diminish recovery, the likelihood of a compromise verdict is lessened. (See *Sommer v. City of Taylorville* (1978), 59 Ill. App. 3d 765, 375 N.E.2d 1031.) A retrial on damages only was not prejudicial to CIM. Defendant asserts that evidence admitted at the original trial which showed the plaintiff father to be suffering from a cancerous condition was sufficiently prejudicial to indicate that the verdict was a compromise. We find any prejudice from that remark to have been too slight to so indicate. Viewing the record as a whole, we do not find the verdict to result from a compromise.

We hold that the doctrine of *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275, did not prevent the circuit court from exercising its discretion to limit the new trial to one for damages only. Moreover, we note that if we did now order the retrial to be on the issue of liability as well as damages, CIM would be estopped to deny liability because of the unappealed judgment finding CIM guilty of some negligence which was a proximate cause of the collision. *Hall v. Hall* (1976), 43 Ill. App. 3d 97, 356 N.E.2d 1156.

The circuit court did not breach its discretion in awarding Tiffany's estate a new trial as to damages. We are not required to hold that any new trial awarded here include the issue of liability.

■ The error which requires still another trial on the sole issue

of damages occurred at the retrial on damages when, over CIM's objection, the court's instruction to the jury permitted the jury to award compensation to Tiffany's siblings for the loss of her society. Section 2 of the Wrongful Death Act provides for recovery by the estate of a decedent for "pecuniary injuries" suffered by the "next of kin" of a decedent when a cause of action exists for the death of the decedent. (Ill. Rev. Stat. 1983, ch. 70, par. 2.) In the past decade, the Illinois Supreme Court has expanded the elements of recovery under section 2 by permitting recovery for the loss of the decedent's society, first to a surviving spouse in *Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163, and then to surviving parents of a minor child in *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228. That court has not extended that right of recovery to siblings, and we do not deem it appropriate to do so.

In *Prendergast v. Cox* (1984), 128 Ill. App. 3d 84, 470 N.E.2d 34, the Appellate Court for the First District held that recovery for loss of society was available to parents of an adult child as well as a minor child, but the right of recovery did not extend to adult siblings of a deceased child. That court described the *Bullard* court as being cautious in extending the recovery for loss of society and concluded that it was unwise to extend it to collaterals. Faced with a similar question of whether recovery was available in Illinois for the death of an adult sibling, the Circuit Court of Appeals for the Seventh Circuit held that *Prendergast* stated the likely position of the Illinois Supreme Court, which would be binding on the Federal court. (*In re Air Crash Disaster Near Chicago, Illinois, on May 15, 1979* (7th Cir. 1985), 771 F.2d 338.) Accordingly, that court held no recovery to be available. The Seventh Circuit reasoned that had the *Bullard* court intended a more expanded recovery for loss of society, it would have described loss of society as a pecuniary loss rather than merely stating that parents' loss of society is a pecuniary loss.

In determining whether siblings can recover for loss of society, we must consider the recent decision of the Appellate Court for the First District in *Chladek v. Albon* (1987), 161 Ill. App. 3d 884, 515 N.E.2d 191. There, suit was brought for the wrongful death of a five-year-old child who left his parents and at least one sibling. In reversing a substantial judgment for the plaintiff because the circuit court erroneously directed a verdict on liability, the appellate court held that evidence of the background of the parents and the mental disorder of a sister was proper, because it bore upon the value of the decedent to the entire family. The court considered the mental disorder "to demonstrate the effect and loss [from the death] upon an already bur-

dened family." (*Chladek*, 161 Ill. App. 3d at 889, 515 N.E.2d at 194.) Citing *Elliot v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163, the opinion states that the loss of society for which recovery may be obtained involves the decedent's "value to others as part of a functioning social and economic unit." (*Chladek*, 161 Ill. App. 3d at 889, 515 N.E.2d at 194.) Thus, the opinion can be taken to infer, at least when the decedent is a minor, both parents and siblings can recover for loss of society.

■ If the *Chladek* court intended to permit recovery for a sibling's loss of society, we must, respectfully, disagree with that decision. We agree with the Seventh Circuit Court of Appeals that, had the Illinois Supreme Court intended to allow such recovery, it would have so stated. At a time when the legislature has recently imposed limitations upon tort liability (see Ill. Rev. Stat., 1986 Supp., ch. 110, pars. 2—1116, 2—1117), we see no indication of public policy which directs us, as an intermediate court of review, to interpret a statute in a new way so as to expand tort coverage in an area where damages are so difficult to calculate and a monetary award will do nothing to alleviate the burden of the injury. We also note possible difficulty in determining where to stop if recovery for loss of society is extended beyond the scope of lineal relationships. See *Bell v. City of Milwaukee* (7th Cir. 1984), 746 F.2d 1205, 1247.

■ CIM also asserts that permitting the jury to award damages for the siblings' loss of Tiffany's society was error because the siblings were not next of kin, as Tiffany was also survived by her father. In tracing the bloodlines of decedents, a brother or sister is one further step removed than a child or parent of the decedent. Nevertheless, the rule is established in this State that the phrase "next of kin" in section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 2) refers to those who take the personal estate of the deceased in case of an intestacy. (*Wilcox v. Bierd* (1928), 330 Ill. 571, 162 N.E. 170, *overruled on other grounds McDaniel v. Bullard* (1966), 34 Ill. 2d 487, 216 N.E.2d 140; *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 482 N.E.2d 1080.) Under Illinois laws of descent, Tiffany's father and her siblings were those who would take her personal property. Ill. Rev. Stat. 1981, ch. 110½, par. 2—1.

Closely related to CIM's theory, in regard to the error in the court's instructing the jury that siblings' loss of society of the decedent was a proper element of damage, is CIM's contention the court erred in instructing the jury in regard to mortality tables. The court instructed the jury as to the life expectancy of not only Tiffany and her parents but also as to her siblings. Siblings of a decedent have

never been presumed to suffer damage from the decedent's death, but, as we have indicated, under the circumstances here, they are next of kin who can recover for pecuniary loss shown. If that loss is permanent, the jury should be instructed as to the life expectancy. (*Avance v. Thompson* (1944), 387 Ill. 77, 55 N.E.2d 57.) On retrial the jury should be instructed as to the life expectancy of a sibling only if permanent pecuniary injury to that sibling is shown.

■ We need discuss other claims of error made by CIM only to the extent the issue may recur on retrial. It maintains the words "pecuniary injuries" in section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 2) are so vague as to deny it due process. Similar language in instructions in a wrongful death case was held not to be constitutionally vague. (*Baird v. Chicago, Burlington & Quincy R.R. Co.* (1976), 63 Ill. 2d 463, 349 N.E.2d 413.) We conclude the words also meet constitutional muster when used in the statute. CIM asserts the circuit court erred in severing its counterclaim. That was not directed as to Tiffany and, in any event, we have held the counterclaim was fatal because of tardy filing. *Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 140 Ill. App. 3d 25, 487 N.E.2d 1267.

Error is claimed by CIM in regard to questions asked by plaintiff of prospective jurors and in plaintiff's closing argument at retrial. We should not attempt to predict what the situation will be at retrial or as to what questions or argument may be proper then. In general, we do not consider the prior questioning or argument to have given rise to any serious error. However, *voir dire* questions concerning a juror's possible prejudice against a legal principle should be limited to situations where prejudice is reasonably likely. (See 107 Ill. 2d R. 234.) Arguments will be limited by our ruling in regard to recovery for siblings' loss of society.

We regret to impose upon the parties still another trial but deem it required under the circumstances. Accordingly, the judgment determining damages in the sum of $200,000 entered in favor of William J. Carter as administrator of the estate of Tiffany Leah Carter and against defendant Chicago & Illinois Midland Railway Company is reversed, and the cause is remanded to the circuit court of Menard County with directions that a new trial be held on the question of damages only. The portion of a prior judgment of that court determining that plaintiff to be liable to that defendant shall remain in force.

Reversed and remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.