(No. 71800.—

*In re* ESTATE OF SHAWN A. FINLEY (Antron Finley *et al.*, Appellants, v. Taoufik Zemmel, Special Adm'r of the Estate of Shawn Finley, Deceased, *et al.*, Appellees).

*Opinion filed October 1, 1992.*

96

CLARK, J., specially concurring.

98

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellants.

Jeffrey D. Frederick, of Johnson, Frank, Frederick & Walsh, of Urbana, for appellee Taoufik Zemmel.

Heyl, Royster, Voelker & Allen (Karen L. Kendall, of Peoria, and Bruce L. Bonds and Matthew A. Kirsh, of Urbana, of counsel), for appellees Alfred Nelson Lourdeau *et al.*

JUSTICE CUNNINGHAM delivered the opinion of the court:

Shawn Finley was struck and killed on March 26, 1990, by a semitrailer driven by Alfred Lourdeau and owned by Allyn Enterprises and Flatbed Express Company. Shawn was six years old at the time of his death. Surviving were his father, Taoufik Zemmel, his mother, Pam Finley, his brothers Antron and Mark Finley, his half-brother, Allan Zemmel, and his half-sister, Amy Zemmel. All of Shawn's siblings were minors.

Taoufik Zemmel was appointed special administrator of Shawn's estate by the circuit court of Champaign County. As special administrator, Zemmel filed a wrongful death action. Zemmel (hereinafter special administrator) entered into a settlement agreement with Lourdeau, Allyn Enterprises, Flatbed Express Company and their insurance companies. According to the terms of the settlement, Shawn's siblings were not to be allowed to recover under the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*). Robert Kirchner was appointed by the circuit court as guardian *ad litem* to represent the interests of Shawn's siblings.

The circuit court approved the settlement, concluding it was bound by *Carter v. Chicago & Illinois Mid-*

*land Ry. Co.* (4th Dist. 1988), 168 Ill. App. 3d 652. The Appellate Court, Fourth District, held that siblings are barred from recovery for loss of society in a wrongful death action. The guardian *ad litem* filed written objections to the proposed settlement and referred the circuit court to decisions of other districts of the appellate court, specifically *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.* (1st Dist. 1986), 146 Ill. App. 3d 116, *Singh v. Air Illinois, Inc.* (1st Dist. 1988), 165 Ill. App. 3d 923, and *Schmall v. Village of Addison* (2d Dist. 1988), 171 Ill. App. 3d 344, all of which hold that siblings are not barred from recovering proven loss of society in a wrongful death action. The guardian *ad litem* argued that this court, were it to consider the issue whether siblings may recover for loss of society in a wrongful death action, would agree with the decisions of the appellate court in *Sheahan, Singh* and *Schmall.* The guardian *ad litem* also requested the circuit court set the matter for an evidentiary hearing to allow evidence to be presented as to the adequacy of the proposed settlement, and on the issue of how the settlement proceeds should be distributed amongst Shawn's natural father, mother and siblings.

The circuit court overruled the objections of the guardian *ad litem,* and approved a settlement of $185,000. The circuit court concluded it was bound by *Carter.* Of this amount, $61,666.66 went for attorney fees; $611.05 was reimbursed to the attorney's firm; Mr. Zemmel was to receive $107,722.29; and Ms. Finley was to receive $15,000. The siblings and half-siblings of Shawn were to receive nothing.

The guardian *ad litem* appealed the approval of the settlement. The appellate court affirmed (209 Ill. App. 3d 1112 (unpublished order under Supreme Court Rule

23)). This court allowed the guardian *ad litem*'s petition for leave to appeal (134 Ill. 2d R. 315).

The issue raised is whether siblings are entitled to recover for proven loss of society under the Wrongful Death Act.

Before reaching this issue, we must first address the argument, raised by the settling parties, that the appeal by the guardian *ad litem* must be dismissed because he did not have authority to bring this claim.

The guardian *ad litem* filed the notice of appeal on July 30, 1990. The settlement agreement had been approved by the circuit court on July 16, 1990. On this date, the circuit court terminated the appointment of the guardian *ad litem*. The special administrator, Lourdeau and Flatbed Express Company now argue that the guardian *ad litem* is without authority to prosecute this appeal. The guardian *ad litem* argues that his authority as guardian *ad litem* extends to the filing and prosecution of an appeal and cites *Sprague v. Beamer* (1892), 45 Ill. App. 17, as support. In *Sprague*, the appellate court stated:

> "This suit being brought here by appeal is the same suit in which the guardian *ad litem* was appointed to defend the interests of minor defendants, and he is still acting in their defense as against alleged errors in the proceeding, by the only available method for the purpose. And we think his action in that regard is within the scope of his power." *Sprague*, 45 Ill. App. at 19.

The guardian *ad litem* notes that were a trial court able to vacate the appointment of a guardian *ad litem* and preclude the filing of an appeal on behalf of the minors whom the guardian *ad litem* represents, then the trial court would have the power to preclude any appeal by the minors from an order which the minors allege is in error. We agree. The guardian *ad litem* in the case at bar has the power to appeal the order of

the circuit court's approval of the settlement agreement.

We now turn to the issue whether siblings may prosecute a cause of action for loss of society pursuant to the Wrongful Death Act. Section 2 of the Act governs all recoveries under the Act and provides in pertinent part:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person." Ill. Rev. Stat. 1987, ch. 70, par. 2.

The purpose of the Wrongful Death Act is to compensate the surviving spouse and next of kin for the pecuniary losses sustained due to the decedent's death. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 612.) This court has noted that the phrase "next of kin," for purposes of the Wrongful Death Act, are those blood relatives of decedent in existence at decedent's death who would take decedent's property if decedent had died intestate. (*Wilcox v. Bierd* (1928), 330 Ill. 571, 582, *overruled on other grounds, McDaniel v. Bullard* (1966), 34 Ill. 2d 487; *Gustafson v. Consumers Sales Agency, Inc.* (1953), 414 Ill. 235, 245; see also *Nudd,* 7 Ill. 2d at 612-13.) Under section 2—1(d) of the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 2—1(d)), if a decedent died intestate and there is no surviving spouse or descendant of decedent, but there is a surviving parent or sibling, the estate of decedent will be

distributed to the parents and siblings in equal parts. Ill. Rev. Stat. 1987, ch. 110½, par. 2—1(d).

This court has, on several occasions, addressed the issue whether pecuniary injuries may, in certain circumstances, include loss of society. In *Elliott v. Willis* (1982), 92 Ill. 2d 530, this court held that pecuniary injuries could include loss of consortium for a widowed spouse. The *Elliott* court noted that in *Hall v. Gillins* (1958), 13 Ill. 2d 26, the court rejected a common law action in tort for destruction of the family unit in a case brought by the widow and a child of the decedent. In *Hall*, the plaintiffs alleged deprivation of the support, companionship, guidance, advice and affection of the decedent. The common law action was not allowed in *Hall* because that remedy "was not significantly different from the statutory remedy available under the Wrongful Death Act, which allows compensation for 'pecuniary injuries.'" (*Elliott*, 92 Ill. 2d at 535.) The court in *Hall* stated: "The term 'pecuniary injuries' has received an interpretation that is broad enough to include most of the items of damage that are claimed by the plaintiffs in this case. Each plaintiff alleges deprivation of support as well as deprivation of the companionship, guidance, advice, love and affection of the deceased." *Hall*, 13 Ill. 2d at 31.

In *Bullard v. Barnes* (1984), 102 Ill. 2d 505, this court held that parents may recover for the loss of a minor child's society in an action brought under the Wrongful Death Act. The court noted that "the trend in our more recent decisions under the Wrongful Death Act has been to expand the scope of pecuniary injury to encompass nonmonetary losses." *Bullard*, 102 Ill. 2d at 514.

This court in *Bullard* held that there would no longer be a presumption of loss of earnings upon the death of a child, but concluded that parents would be

entitled to a presumption of pecuniary injury in the loss of a child's society. *Bullard*, 102 Ill. 2d at 517.

In *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, this court held that the presumption of pecuniary injury for loss of society of a child applies to children who have reached the age of majority. The *Ballweg* court stated: "When children are wrongfully killed, the parents' investment of money and in affection, guidance, security and love is destroyed. Society recognizes the destruction of that value, whether the child is a minor or an adult. The intent of *Bullard* was to recognize the intrinsic value of children to their parents regardless of which way financial support is flowing at death." *Ballweg*, 114 Ill. 2d at 120.

Most recently, this court in *Seef v. Sutkus* (1991), 145 Ill. 2d 336, held that a rebuttable presumption for loss of society exists in a wrongful death action for a stillborn child.

As pointed out by both parties, our appellate court has reached differing results on this issue: the Fourth District has barred all siblings from the opportunity of proving loss of society as a pecuniary injury; the First and Second Districts allow siblings such an opportunity.

We hold that proven loss of a sibling's society is a pecuniary injury for which siblings may recover under the wrongful death statute. The siblings in this case are decedent's next of kin, as are both natural parents. Nowhere in the wrongful death statute is there a distinction between the types of damages recoverable based upon who the next of kin is. The siblings should be given an opportunity to prove the "deprivation of the companionship, guidance, advice, love and affection of the deceased." *Hall*, 13 Ill. 2d at 31.

We believe this holding is in keeping with this court's decisions in *Elliott, Ballweg,* and *Seef.* This line of cases "has recognized that pecuniary losses encom-

pass loss of society damages for many facets of family relationships." (*Seef*, 145 Ill. 2d at 338.) Our decision today does no more than give legal recognition to the often times extremely significant family relationship shared by some siblings. While we agree with defendants that the decisions of this court in *Elliott, Bullard* and *Ballweg* recognize the "special relationship between spouses, and between parent and child," we reject the suggestion that there can be no "special relationship" between siblings.

The parties have correctly pointed out that whether siblings may recover damages for loss of society for the wrongful death of a brother or sister is a separate and distinct issue from whether the law recognizes a presumption that loss of society exists. The guardian *ad litem* points out, and we agree, that simply because the parents and the siblings of the decedent may both suffer legally cognizable pecuniary injury which may include loss of society, it does not necessarily follow that both the parents and the siblings will be treated alike for purposes of the application of a presumption of loss of society.

Defendants point out that there are differences in the emotional and economic interdependence present in the relationship shared by spouses and by parent and child, and the relationship shared by siblings. While we do not agree that these differences should result in a legal bar to all siblings asserting a claim for pecuniary injuries including loss of society for a deceased brother or sister, we do agree that these differences should result in a difference in the application of the presumption of pecuniary injury in the loss of the deceased's society. Siblings may recover for loss of society of a deceased brother or sister, but such damages must be proven.

In the case at bar, the siblings were allowed neither the opportunity to allege nor the opportunity to prove loss of society as a result of the wrongful death of their brother or half-brother. The circuit court approved the settlement between the special administrator, Lourdeau, Allyn Enterprises, Flatbed Express Company and their insurance companies which expressly excluded any recovery for the siblings. The settling parties assert that, if this court holds that siblings may recover for proven loss of society in a wrongful death action, the settlement in the case at bar should not be reopened for consideration. The special administrator points out that the settling parties relied on existing law in the Fourth District and any change should be made prospective. Lourdeau and Flatbed Express argue that the personal representative of the deceased has the sole right to control any litigation brought pursuant to the Wrongful Death Act. Lourdeau and Flatbed Express assert that the guardian *ad litem* offered no evidence whatsoever that the amount of the settlement was not fair and that under no circumstances should the amount of the settlement be reopened.

The guardian *ad litem* asserts that, since the circuit court held it was obligated to follow the decision of the appellate court in *Carter*, the guardian *ad litem* was precluded from objecting to the amount of the settlement, the amount of attorney fees paid therefrom, or the apportionment of the settlement proceeds. At the hearing on the proposed settlement, the guardian *ad litem* specifically noted that if the siblings were not entitled to recover for loss of society then the guardian *ad litem* "really [had] no grounds on which to object to the settlement proposal." In his written objections to the amended petition to approve the settlement, the guardian *ad litem* requested that an evidentiary hear-

ing be held for the purpose of allowing the court to hear testimony as to the adequacy of the proposed settlement agreement and to determine how any proceeds should be distributed amongst the decedent's parents and siblings. The guardian *ad litem* also requested that the court not find the settlement to be in good faith because the amended petition did not advise the court of any potential cause of action against the estate other than those against the settling defendants.

In this case, we hold that siblings may recover for proven loss of society in a wrongful death action. While the settling parties relied upon *Carter* as authority to preclude the siblings from asserting any claim for loss of society, the guardian *ad litem* argued that this court, were it to hear the issue, would most likely follow the cases of *Sheahan, Singh* and *Schmall* and allow recovery for siblings. All the parties knew of the split in the appellate court, and we see no reason to apply our holding prospectively.

While it is true that the guardian *ad litem* offered no evidence that the amount of the settlement was not fair, this was not by oversight on his part; it was because the guardian *ad litem* was precluded from doing so by the ruling of the circuit court. The circuit court ruled as a matter of law that the siblings had no cause of action; therefore, the settlement amount reflects only the damages sustained by the parents.

On remand, the guardian *ad litem* shall have the opportunity to present evidence as to any alleged loss of society to the siblings as a result of the wrongful death of decedent. If the circuit court finds that any or all of the siblings have proved they have sustained damages, the settlement amount shall be reopened to consideration by the circuit court.

For the reasons stated, the judgments of the appellate and circuit courts are reversed, and the cause is

remanded to the circuit court for proceedings consistent with this opinion.

> *Appellate court reversed;*
> *circuit court reversed;*
> *cause remanded.*

JUSTICE CLARK, specially concurring:

I agree with the majority's well-reasoned opinion. I write separately only to point out that today's decision is the natural extension of several prior opinions of this court.

In *Elliott v. Willis* (1982), 92 Ill. 2d 530, this court held that damages for loss of consortium are recoverable under the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 2). In *Bullard v. Barnes* (1984), 102 Ill. 2d 505, this court held that under the Wrongful Death Act parents were entitled to a presumption of pecuniary injury related to the loss of a minor child's society. At the time *Bullard* was decided, I wrote separately, in part, to point out my belief that the presumption of injury should also apply to the loss of society of a child who has attained the age of majority. (*Bullard*, 102 Ill. 2d at 521 (Clark, J., concurring).) In *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, this court extended the *Bullard* presumption to include loss of society for adult children. In today's decision the court is following these cases to their natural and logical conclusion. See also Hubbart, *Siblings' Right to Recover Loss of Society Under the Wrongful Death Act*, 80 Ill. B.J. 60 (1992) (analyzing the above cases and reaching the same conclusion).