800 F.2d 1390
 1987 A.M.C. 299
 Beth A. TALLENTIRE, Plaintiff-Appellant,
v.
OFFSHORE LOGISTICS, INC., et al., Defendants,
Air Logistics, Defendant-Appellee.
Corine Ann Soudelier TAYLOR, Individually, as administratrix
of the estate of Michael John Taylor, and as
natural tutrix of the minor, Leslie Ann
Taylor, Plaintiff-Appellant,
v.
BELL HELICOPTER TEXTRON, A DIVISION OF TEXTRON, INC.,
Defendant-Appellee.
Corine Ann Soudelier TAYLOR, etc., Plaintiff-Appellant, Cross-Appellee,
v.
AIR LOGISTICS, INC., Defendant-Appellee, Cross-Appellant,
v.
HALLIBURTON SERVICES, Intervenor-Appellee.
 Nos. 83-3296, 83-3328.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 29, 1986.
 
 Davidson, Meaux, Sonnier & McElligott, V. Farley Sonnier, Lafayette, La., for plaintiff-appellant in 83-3296.
 Howard Daigle, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant-appellee in 83-3296.
 Charles Hanemann, New Orleans, La., for Taylor.
 Johnson & McAlpine, Ronald A. Johnson, New Orleans, La., for Halliburton Services.
 Howard Daigle, Jr., New Orleans, La., for Air Logistics, Inc.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before GARZA, JOLLY and DAVIS, Circuit Judges.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 In accordance with the opinion of the Supreme Court, --- U.S. ----, 106 S.Ct. 2485, 91 L.Ed.2d 174, which partially reversed our decision reported at 754 F.2d 1274, we affirm the portions of the judgments rendered by the district court in these consolidated cases that denied recovery of non-pecuniary losses to appellants Taylor and Tallentire.
 
 
 2
 In Taylor, the judgment of the district court is vacated for the limited purpose of allowing the district court to reconsider appellant Taylor's claim for loss of services and her claim for loss of support. After recalculating these items of damage, the district court shall enter judgment for a sum certain.
 
 
 3
 In Tallentire, we concluded that the appellant was entitled to an entire new trial by jury on damages. But the Supreme Court held that the Death on the High Seas Act (DOHSA) is the sole predicate for Offshore Logistic's liability to appellants. Thus, Mrs. Tallentire's action under DOHSA is cognizable only in admiralty and she is not entitled to a jury trial. Curry v. Chevron, U.S.A., 779 F.2d 272, 274 n. 1 (5th Cir.1985). Because we held that Mrs. Tallentire would receive a complete new damage trial, we did not consider several arguments raised by her that were directed at the district court's award or refusal to award particular items of damage for pecuniary loss under DOHSA. We have now considered these arguments which we will discuss below.
 
 
 4
 Mrs. Tallentire first argues that the district court erroneously selected an inordinately low wage base for Mr. Tallentire upon which the loss of support was calculated. Appellant argues that the evidence was uncontradicted that employees equivalent to Mr. Tallentire were earning approximately $39,000 per year at the time of trial rather than $21,850.21 as found by the district court. Mrs. Tallentire's argument is predicated on the testimony of Shelton LeBlanc, a representative of Gator Hawk, the decedent's employer. After carefully reviewing Mr. LeBlanc's testimony, we are persuaded that the district court did not abuse its discretion in declining to accept Mr. LeBlanc's testimony. Mr. LeBlanc, Gator Hawk's business manager, directed another unnamed Gator Hawk employee to select three Gator Hawk employees who were comparable to Mr. Tallentire; Mr. LeBlanc testified that these three employees were earning approximately $39,000 per year. The district court was apparently not persuaded that these three Gator Hawk employees were indeed comparable to Mr. Tallentire. The district court, of course, has broad discretion in determining whether he will accept or reject the testimony of a witness. The district court did not abuse its discretion in rejecting Mr. LeBlanc's testimony.
 
 
 5
 Mrs. Tallentire next argues that the district court erred in deducting social security taxes from the decedent's gross wages in arriving at future earnings. This same argument was made by Mrs. Taylor and rejected by us. We reject Mrs. Tallentire's argument for the same reason.
 
 
 6
 Mrs. Tallentire also complains of the district court's rejection of her claim for loss of inheritance. Her father-in-law, Mr. Tallentire, testified that his net worth at time of trial was approximately $75,000 and that his son was, before his death, the universal legatee in his will. The district court was not bound to conclude from this evidence, however, that the decedent's father would accumulate substantial property during the remainder of his life. We are persuaded that the district court did not clearly err in concluding that Mrs. Tallentire failed to establish "a reasonable expectation of pecuniary benefit"--or a "probability"--that she would have received the benefit of an inheritance from her father-in-law. Solomon v. Warren, 540 F.2d 777, 790 (5th Cir.1976).
 
 
 7
 Mrs. Tallentire argues that the district court erred in three additional respects: (1) in finding that the decedent would consume thirty-four percent of his earnings for his personal use; (2) in accepting Dr. Boudreaux' predicted inflation rate rather than the rate predicted by her own economist; and (3) in rejecting her claim for the loss of the decedent's services as a carpenter. This latter contention was predicated on the testimony of Mrs. Tallentire and her father-in-law that decedent who was a skilled carpenter, intended to personally construct a family home in his spare time. The record contains evidence which supports each of these findings and they are not clearly erroneous.
 
 
 8
 Accordingly, the judgment rendered in favor of Mrs. Tallentire by the district court is affirmed. The case is remanded to the district court, however, so that it can enter a judgment for a sum certain in her favor.
 
 
 9
 AFFIRMED in part, VACATED in part, and REMANDED.