**Susan FRIEDMAN, as Co–Executrix of the Estate of Leonard Friedman, Plaintiff,**

v.

**MITSUBISHI AIRCRAFT INTERNATIONAL, INC., and The Garrett Corporation, Defendants.**

**No. 83 Civ. 7940 (JES).**

United States District Court, S.D. New York.

Jan. 26, 1988.

Kreindler & Kreindler, New York City, for plaintiff; Marc S. Moller, Arthur H. Rosenberg, Daniel M. Kolko, of counsel.

Condon & Forsyth, New York City, for defendant Mitsubishi Aircraft Intern., Inc.; Marshall S. Turner, Edward G. Petraglia, of counsel.

Perkins Coie, Seattle, Wash., for defendant The Garrett Corp.; Sherilyn Peterson, of counsel.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Nearly a year after the Court granted defendants' motion to strike plaintiff's jury demand,[1] plaintiff has moved "to affirm the plaintiff's right to proceed to trial on the basis of the Court's diversity jurisdiction and [to affirm her] right to trial by

---

1. After oral argument of defendants' motion, the Court concluded that plaintiff was not entitled to a jury trial if the Death on the High Seas Act (DOHSA) was applicable. *See* Transcript of November 25, 1986 ("Tr.") at 2. Subsequently, the Court held a hearing to determine whether the aircraft in question crashed on the high seas.

After a full hearing, the Court ruled that the aircraft had crashed beyond a marine league from shore and that DOHSA was therefore applicable. *See* Transcript of January 5, 1987 at 2, 5; 46 U.S.C. § 761 (1982). For purposes of this motion, the correctness of the Court's factual finding is not challenged.

jury." *See* Notice of Motion at 1. This motion is in essence an attempt to reargue the Court's prior decision on the same grounds previously advanced. However, plaintiff's papers add nothing to what was argued previously and they set forth no basis for a motion to reargue, even assuming that the application were timely, which it most assuredly is not. *See* Fed.R.Civ.P. 60; Local Civil Rule 3(j). In any event, even considering again the merits of the arguments raised, it is clear that the motion must be denied.

The principal argument made is that the two-pronged test set forth in the Supreme Court decision in *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), must be met before the provisions of the Death on the High Seas Act (DOHSA) can be applied so as to deprive plaintiff of a jury trial. *See* Plaintiff's Memorandum of Law in Support of Motion to Proceed on the Basis of Diversity Jurisdiction with a Jury ("Pl. Mem.") at 2–10. That test requires that for admiralty jurisdiction to exist, the court must find that the accident in question occurred on the high seas and that such accident bears a significant connection to traditional maritime activity. *See Executive Jet, supra,* 409 U.S. at 268, 93 S.Ct. at 504.

Citing the *Executive Jet* test, plaintiff argues that the fortuitous circumstance that the plane crashed outside the territorial limit of the state is not sufficient to deprive plaintiff of a right to a jury trial. However, as defendant correctly observes,

the two-pronged test referred to in *Executive Jet* only applies in the absence of a statute to the contrary, and the Supreme Court in *Executive Jet* repeatedly and explicitly emphasized that DOHSA was such a statute. *See id.* at 271 n. 20, 274 n. 26, 93 S.Ct. at 506 n. 20, 507 n. 26. Therefore, the requirement of a traditional maritime nexus is not a prerequisite to the exercise of admiralty jurisdiction pursuant to DOSHA.

Plaintiff also argues that even if DOHSA is applicable, she is still entitled to a jury trial of her wrongful death claims because section 7 of DOHSA [2] preserves that jury trial right, especially where, as here, there exists an additional basis for jurisdiction, *i.e.* diversity of citizenship. *See* Pl.Mem. at 11–14 (citing, *e.g., Best v. Sikorsky,* No. B–74–197 (D.Conn.1979)). However, the Supreme Court recently held in *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986), that DOHSA is the exclusive remedy where, as here, death results from a plane crash on the high seas, and that substantive state wrongful death remedies are preempted outside the territorial waters of a state. *See id.* at 210, 231, 106 S.Ct. at 2489, 2500.[3] In *Tallentire,* the Supreme Court also squarely held that section 7 is at best a jurisdictional saving clause which preserves the jurisdiction of the state court to hear DOHSA claims but does not permit the state court in such actions to apply substantive law that is inconsistent with the remedy that DOHSA provides. *See id.* at 220–24, 231, 106 S.Ct. 2494–95, 2500.[4]

---

**2.** Section 7 of DOHSA provides, in pertinent part, that "[t]he provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter." 46 U.S.C. § 767 (1982).

**3.** The Supreme Court left open the question of whether DOHSA preempted recovery for pain and suffering before death where such relief was provided by state law applicable to injuries on the high seas. *See Tallentire, supra,* 477 U.S. at 215 n. 1, 106 S.Ct. at 2491 n. 1. Although the complaint in this action does contain claims for survival damages, *see* Complaint at ¶¶ 13–14, 21–22, 29–30, plaintiff has not indicated either in the complaint or in her arguments made to date what state statute is the predicate for these

claims or informed the Court as to whether that state statute, assuming that one exists, applies outside the state territorial limits and provides for a jury trial of such claims. Thus, the Court is not in a position to determine whether plaintiff is entitled to a jury trial of those survival claims.

**4.** The Court concluded that § 7 "bears a marked similarity to the 'saving to suitors' clause that allows litigants to bring *in personam* maritime actions in state courts." *Tallentire, supra,* 477 U.S. at 222, 106 S.Ct. at 2495; *cf.* 28 U.S.C. § 1333 (1982) (district courts shall have original, exclusive jurisdiction of admiralty actions, "saving to suitors in all cases all other remedies to which they are otherwise entitled").

It follows, therefore, as the Fifth Circuit concluded on remand in *Tallentire*, that since DOHSA provides a remedy in admiralty, admiralty principles are applicable and a DOHSA plaintiff has no right to a jury trial of wrongful death claims. *See Tallentire v. Offshore Logistics, Inc.*, 800 F.2d 1390, 1391 (5th Cir.1986); *accord Heath v. American Sail Training Ass'n*, 644 F.Supp. 1459, 1471–72 (D.R.I.1986).[5]

Accordingly, plaintiff's motion must be denied.[6]

It is SO ORDERED.

5. The existence of an additional jurisdictional predicate in this case, *i.e.*, diversity of citizenship, can lead to no different result, at least as to the wrongful death claims. Diversity of citizenship creates only an additional basis for federal jurisdiction; it does not enlarge the parameters of the substantive remedy upon which a claim is based. *Compare In re Air Crash Disaster in the Ionian Sea*, M.D.L. No. 229, Lexis slip op. at 4–5 (S.D.N.Y.1979) (in rejecting defendants' argument that plaintiff's jury demand should be stricken because plaintiff's sole jurisdictional predicate and claim for relief was under DOHSA, court accepted plaintiff's argument that Warsaw Convention provided "a wholly independent jurisdictional predicate *as well as* an independent cause of action." (emphasis added)). While at least one court has held that the existence of diversity may be relevant in a DOSHA action, in that case there was a Jones Act claim which provided a separate and independent basis for a trial by jury. *See Red Star Towing & Transp. Co. v. "Ming Giant,"* 552 F.Supp. 367, 374 (S.D.N.Y.1982); *cf. Best v. Sikorsky*, No. B–74–197, slip op. at 2–5 (D.Conn. May 16, 1979) (where diversity of citizenship was not disputed and claim of admiralty jurisdiction had not been accompanied by Fed.R.Civ. P. 9(h) identification, plaintiff was entitled to jury trial of action involving both DOHSA and general maritime claims). As noted above, *see supra* note 3, the Court on the present record is unable to determine if plaintiff's survival claims would constitute an independent basis for a jury trial of those claims.

6. In its opposition to plaintiff's motion, defendant Mitsubishi Aircraft International, Inc. requests the Court to impose sanctions upon plaintiff in accordance with Fed.R.Civ.P. 11. *See* Defendant Mitsubishi Aircraft International, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Proceed on the Basis of Diversity Jurisdiction with a Jury ("Mitsubishi's Mem.") at 2, 15. This application is denied.

Prior to the filing of plaintiff's motion on November 23, 1987, the parties appeared before the Court at a Pre-Trial Conference on November 9, 1987. At that conference, a briefing schedule was set for the instant motion. At no time during the conference did the Court specifically direct that defendants respond to the motion, nor did defendant Mitsubishi alert either the plaintiff or the Court to its present claim that Rule 11 sanctions should be imposed for plaintiff's filing of this motion. The purpose of the Court's conference procedure is precisely to raise such issues so that subsequent disputes about Rule 11 sanctions can be avoided.

In any event, Mitsubishi has argued that "every argument raised by plaintiff in this motion either specifically was made to the Court a year ago or was subsumed by the broader arguments made at that time.... [S]he cites no persuasive new authority, but instead merely rehashes the same law and resurrects old arguments." *See* Mitsubishi's Mem. at 1. If, notwithstanding this belief that the motion added nothing new and was "frivolous," Mitsubishi's attorneys made a decision to file further papers in opposition, the expenditure of funds for that purpose was a consequence of that choice and should not properly be charged to the plaintiff. In short, Rule 11 sanctions should not be imposed where, as here, a defendant has voluntarily responded even though, accepting defendant's characterization of the motion, a response was neither necessary nor required.