

Accordingly, defendant's Motion for Summary Judgment will be granted.

An appropriate order will follow.

## ORDER

Stephen R. Bolden, Philadelphia, Pa., for plaintiff.

Harry A. Short, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DuBOIS, District Judge.

On June 23, 1989, 715 F.Supp. 1304, this Court issued a Memorandum and Order holding that (1) the law of Pennsylvania would be applied to all issues regarding damages and causation, and the law of Jamaica would be applied to all issues of liability other than causation, and (2) that the Death On the High Seas by Wrongful Act statute ("DOHSA"), 46 U.S.C.App. § 761, et seq., did not apply, as admiralty jurisdiction could not be invoked. Both of these holdings have subsequently been modified by the Court; the former by Order of March 14, 1990, and the latter by verbal Order during the trial of the case which ended with a jury verdict for defendant on November 20, 1990. Accordingly, the June 23, 1989 Memorandum will be Withdrawn.[1]

The discussion of DOHSA in the previous Memorandum rested on the premise that DOHSA would apply only if admiralty jur-

**Howard KUNREUTHER, Individually, and as Executor of the Estate of Sylvia Kunreuther, his Wife, Deceased**

v.

**OUTBOARD MARINE CORPORATION.**

Civ. A. No. 87–8330.

United States District Court, E.D. Pennsylvania.

Feb. 20, 1991.

---

**1.** The Order accompanying the June 23, 1989 Memorandum addressed only the choice of law issue, and it has already been modified by the Order of March 14, 1990.

isdiction was found under the tests laid out in *Executive Jet Aviation, Inc. v. Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), and *Eagle–Picher Industries, Inc. v. United States,* 846 F.2d 888, 896 (3d Cir.), *cert. denied* 488 U.S. 965, 109 S.Ct. 490, 102 L.Ed.2d 527 (1988). The Court now concludes that the application of such tests is unnecessary where the situation addressed by the suit involves a death occurring more than a league from United States shores. In such cases, as here, DOHSA itself creates a cause of action in admiralty.

In finding that no independent test for the existence of admiralty jurisdiction is necessary where DOHSA applies on its face, the Court follows the reasoning of Judge Sprizzo in *Friedman v. Mitsubishi Aircraft Int'l,* 678 F.Supp. 1064, 1065 (S.D. N.Y.1988). There, the court held that:

> [T]he two-pronged test referred to in *Executive Jet* [which was broadened in *Foremost* and reaffirmed and interpreted in *Sisson* ] only applies in the absence of a statute to the contrary, and the Supreme Court in *Executive Jet* repeatedly and explicitly emphasized that DOHSA was such a statute ... therefore, the requirement of a traditional maritime nexus is not a prerequisite to the exercise of admiralty jurisdiction pursuant to DOHSA.

Having found that the death in question in this case occurred more than a league from United States shores, the Court held that DOHSA was applicable, and so instructed the jury. In changing its position with respect to admiralty jurisdiction upon further reflection, the Court is reminded of Justice Frankfurter's advice that "Wisdom ofttimes is never gained at all, and therefore should not be rejected merely because it arrives late." *Kuntz v. Windjammer "Barefoot" Cruises, Ltd.,* 573 F.Supp. 1277, 1288 (W.D.Pa.1983) (Ziegler, J.), *aff'd without op.* 738 F.2d 423, *cert. denied* 469 U.S. 858, 105 S.Ct. 188, 83 L.Ed.2d 121 (1984).