DONNA CURCURU[1] *vs.* ROSE'S OIL SERVICE, INC.
(and four companion cases[2]).

Suffolk. October 9, 2003. - February 9, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Admiralty. Constitutional Law,* Trial by jury. *Practice, Civil,* Jury trial. *Vessel,* Seaman.

This court concluded that a plaintiff was entitled to a jury trial on a claim
brought in the Superior Court seeking recovery under the Death on the
High Seas Act (DOSHA), 46 U.S.C. App. §§ 761 et seq. (2000), because a
trial by jury, provided for under the Massachusetts Constitution and rules
of civil procedure, qualified as a remedy under the savings clause of
DOSHA and did not undermine or conflict with DOSHA or with substan-
tive federal maritime law. [14-21]

CIVIL ACTIONS commenced in the Superior Court Department
on September 25, 1996; November 15, 1996; April 16, 1997;
August 8, 1997; and August 27, 1997, respectively.

After consolidation, the cases were tried before *Carol S. Ball,*
J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Joseph G. Abromovitz* for Donna Curcuru & another.

*Stephen M. Ouellette (Brian S. McCormick* with him) for
Vera Curcuru & another.

*Thomas E. Clinton (Robert E. Collins* with him) for the
defendant.

---

[1]Individually and as administratrix of the estate of Nicholas Curcuru.

[2]Joanne Giovinco, individually and as administratrix of the estate of Peter
Giovinco, *vs.* Rose's Oil Service, Inc.; Vera Curcuru, individually and as ad-
ministratrix of the estate of Salvatore Curcuru, *vs.* Rose's Oil Service, Inc.;
Maria Ramos Carrapichosa, individually and as administratrix of the estate of
Manuel F. G. Carrapichosa, *vs.* Rose's Oil Service, Inc.; Uncle Sam of '76,
Inc. *vs.* Rose's Oil Service, Inc.

SOSMAN, J. The sole issue presented in these appeals is whether a plaintiff is entitled to a jury trial on a claim brought in the Superior Court seeking recovery under the Death on the High Seas Act (DOHSA), 46 U.S.C. App. §§ 761 et seq. (2000). The trial judge submitted the plaintiffs' DOHSA claims to the jury on an advisory basis; after the jury answered special questions in favor of the plaintiffs, the judge decided that there was no right to a jury trial and entered judgment based on her own findings in favor of the defendant. For the following reasons, we conclude that there is a right to a jury trial for a DOHSA claim brought in the Superior Court, and we therefore reverse the judgment and order that judgment be entered in favor of the plaintiffs in accordance with the jury's answers to special questions.

1. *Background.* On September 5, 1994, the fishing trawler Italian Gold capsized and sank in the North Atlantic during a storm. The four crew members were lost and presumed drowned. The vessel was located but not recovered, and remains at the bottom of the sea. Prior to its final voyage, the vessel had undergone repair work at the shipyard of the defendant, Rose's Oil Service, Inc. (Rose's Oil). Alleging that faulty work by Rose's Oil had allowed excessive water to enter through the "stuffing box" and thereby caused the vessel to sink, the widows of the four crew members filed actions against Rose's Oil in the Superior Court seeking recovery under DOHSA.[3] The owner of the vessel, Uncle Sam of '76, Inc. (Uncle Sam), also filed an action against Rose's Oil on theories of negligence, breach of warranty, and violation of G. L. c. 93A, alleging that the loss of its vessel and resulting damages had been caused by faulty workmanship and neglect on the part of Rose's Oil.[4]

The plaintiffs' DOHSA claims and the claims of Uncle Sam

---

[3] The plaintiffs' complaints included other claims against Rose's Oil Service, Inc. (Rose's Oil), as well as claims against other defendants. By the time of trial, all claims against other parties and all other claims against Rose's Oil had been dismissed, leaving only the plaintiffs' Death on the High Seas Act (DOHSA) claims against Rose's Oil to be tried. On appeal, the plaintiffs raise no issue with respect to the dismissal of any of those other claims.

[4] Among the damages claimed by Uncle Sam of '76, Inc. (Uncle Sam), was the amount it had had to pay to the plaintiffs in settlement of their claims in a related Federal court action. See *Complaint of Uncle Sam of '76, Inc.*, 928 F. Supp. 64 (D. Mass. 1996).

were consolidated for trial. Immediately prior to trial, Rose's Oil filed a "motion to proceed with a bench trial and to bifurcate the trial," arguing that the plaintiffs' DOHSA claims were admiralty claims that could not be tried to a jury, whereas Uncle Sam had a right to a trial by jury on its negligence and breach of warranty claims. Reserving her ruling on the issue, the judge proceeded to empanel a jury for a consolidated trial and submitted the DOHSA claims to the jury on an advisory basis. Answering special questions, the jury found in favor of the four plaintiffs on their DOHSA claims and in favor of Uncle Sam on its negligence and breach of warranty claims.

Following trial, the judge ruled that the four plaintiffs were not entitled to a jury trial on their DOHSA claims, and proceeded to render her own findings of fact and conclusions of law on those claims. The judge agreed with the jury that Rose's Oil had been negligent, but found that the plaintiffs had failed to establish that that negligence was a proximate cause of the vessel's sinking. As a result, judgment was entered in favor of Rose's Oil on the DOHSA claims.[5] The plaintiffs' appeal followed, and we transferred the cases to this court on our own motion.

2. *Discussion.* In denying the plaintiffs a jury trial, the judge reasoned that because their DOHSA claims were "solely in admiralty," and because, lacking diversity of citizenship, any claim they might have filed in Federal court would have been heard in admiralty without a jury, they could not obtain a jury trial in State court. While the judge's observations are correct — a DOHSA claim is an "admiralty claim" and, because of the lack of diversity jurisdiction, these plaintiffs would not have been entitled to a jury trial had their admiralty claim been filed in Federal court — those facts do not operate to deprive the plaintiffs of their right to a jury trial in State court. Reviewing the history of DOHSA, and its interpretation by the Supreme

---

[5]Rose's Oil moved for judgment notwithstanding the verdict on the claims of Uncle Sam, contending that Uncle Sam had also failed to establish causation. The judge denied that motion. While the judge had disagreed with the jury's verdict on the issue of the causal connection between Rose's Oil's repairs and the sinking, she held that there was sufficient evidence to support a finding of causation, and thus refused to disturb the jury's verdict in favor of Uncle Sam.

Court, we conclude that the savings clause of DOHSA, 46 U.S.C. App. § 767, leaves intact a plaintiff's right to a jury trial in State court where that State's own procedures would include a right to jury trial.

Prior to the enactment of DOHSA, Federal maritime law did not recognize any cause of action for wrongful death. See *The Harrisburg*, 119 U.S. 199 (1886).[6] Some State wrongful death statutes provided a cause of action for death occurring in that State's territorial waters, but such statutes normally did not apply to death occurring on the high seas. See *Moragne* v. *States Marine Lines, Inc.*, 398 U.S. 375, 393 n.10 (1970). In 1920, Congress enacted DOHSA, creating a cause of action "in admiralty" for death on the high seas (beyond a marine league from the shore of any State) "caused by wrongful act, neglect, or default," but limiting the damages recoverable to the "pecuniary loss" suffered by the survivors (the spouse, parents, children, or other dependent relatives of the decedent). 46 U.S.C. App. §§ 761, 762. DOHSA now operates as the exclusive basis of recovery for a death occurring on the high seas, preempting all other forms of wrongful death claims under State or general maritime law. See *Dooley* v. *Korean Air Lines Co.*, 524 U.S. 116, 123 (1998); *Offshore Logistics, Inc.* v. *Tallentire*, 477 U.S. 207, 221 (1986); *Mobil Oil Corp.* v. *Higginbotham*, 436 U.S. 618, 623-625 (1978).

Of primary importance to our analysis is the section of DOHSA referred to as its "savings" clause: "The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter." 46 U.S.C. App. § 767. As interpreted by the Supreme Court, this section operates as a "jurisdictional saving clause," allowing State courts to exercise concurrent jurisdiction over DOHSA claims and to "apply such state remedies as [are] not inconsistent with substantive federal maritime law." *Offshore Logistics, Inc.* v.

---

[6] Fifty years after the enactment of DOHSA, the Court overruled *The Harrisburg*, 119 U.S. 199 (1886). See *Moragne* v. *States Marine Lines, Inc.*, 398 U.S. 375, 409 (1970) (recognizing cause of action "under general maritime law for death caused by violation of maritime duties").

*Tallentire, supra* at 221, 224.[7] The DOHSA savings clause is similar to the "saving to suitors" clause of 28 U.S.C. § 1333 (1),[8] which "allows state courts to entertain *in personam* maritime causes of action," but "requires that the substantive remedies afforded by the States conform to governing federal maritime standards." *Offshore Logistics, Inc.* v. *Tallentire, supra* at 222-223.[9] See *Madruga* v. *Superior Court,* 346 U.S. 556, 560-561 (1954) (Federal admiralty jurisdiction is exclusive as to in rem proceedings against vessel, but "saving to suitors" clause renders State courts competent to adjudicate admiralty claims against persons). While "remedies" are available in State court, the substantive provisions and limitations pertaining to DOHSA claims (or other maritime claims) may not be modified by State law. *Offshore Logistics, Inc.* v. *Tallentire, supra* at 232-233 (State wrongful death statute could not be invoked to expand recovery beyond pecuniary losses permitted by DOHSA). See *Lewis* v. *Lewis & Clark Marine, Inc.,* 531 U.S. 438, 445 (2001), quoting *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U.S. 109, 123-124 (1924) (§ 1333 [1] "saving to suitors" clause does not allow States to make changes in "substantive admiralty law," but does save "all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved").

Our State Constitution and our rules of civil procedure

---

[7]This court had previously held that Massachusetts courts did not have jurisdiction over DOHSA claims. See *Boudreau* v. *Boat Andrea G. Corp.,* 350 Mass. 473, 474-476 (1966). See also *Pope* v. *Moore-McCormack Lines, Inc.,* 359 Mass. 752, 753, cert. denied, 404 U.S. 882 (1971). Those cases have been effectively overruled by *Offshore Logistics, Inc.* v. *Tallentire,* 477 U.S. 207, 224, 232 (1986).

[8]"The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*" (emphasis added). 28 U.S.C. § 1333 (1) (2000).

[9]Rose's Oil contends that only the DOHSA savings clause, and not the "saving to suitors" clause of 28 U.S.C. § 1333 (1), is applicable to the plaintiffs' DOHSA claims. That contention, standing alone, is correct, but it ignores the Supreme Court's observation that the DOHSA savings clause "bears a marked similarity" to the savings clause of § 1333 (1) and has the same affect on a State court's exercise of concurrent jurisdiction. *Offshore Logistics, Inc.* v. *Tallentire, supra* at 222-224. As such, cases interpreting the "saving to suitors" clause of § 1333 (1) provide guidance with respect to the interpretation and application of the DOHSA savings clause.

recognize a right to trial by jury for the type of claim presented by these plaintiffs. Article 15 of the Massachusetts Declaration of Rights provides: "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it." Without unearthing the history of admiralty practice at the time art. 15 was adopted in 1780, the reference to a jury trial right for "causes arising on the high seas," which right was to remain unless and until the Legislature "alter[ed]" it, suggests that jury trials were then available for claims "arising on the high seas." In the intervening centuries, the Legislature has done nothing to "alter" that right to a jury trial for causes of action "arising on the high seas," and the right thus persists for modern day causes of action "arising on the high seas." In the present case, we have a "controvers[y] concerning property," in a "suit[] between two or more persons," for a Federal claim "arising on the high seas," over which our courts have concurrent jurisdiction. Thus, our Constitution and rules would recognize a right to a jury trial for the plaintiffs' claims, and a jury trial was timely claimed by each of the plaintiffs in their complaints. See Mass. R. Civ. P. 38 (a) and (b), 365 Mass. 800 (1974).

The issue, then, is whether the jury trial provided for under our Constitution and rules is among the "remedies" that have been saved by the DOHSA savings clause, 46 U.S.C. App. § 767, and, if it is such a remedy, whether utilizing a jury trial for a DOHSA claim would be "inconsistent with substantive federal maritime law." *Offshore Logistics, Inc.* v. *Tallentire, supra* at 224. If it is a "remed[y]" within the meaning of the DOHSA savings clause, and if allowing the plaintiffs that remedy does not conflict with or undermine some aspect of DOHSA itself or other Federal maritime law, then the plaintiffs are entitled to a jury trial on their DOHSA claims. Applying the standards articulated in *Offshore Logistics, Inc.* v. *Tallentire, su-*

*pra,* we conclude that the right to a jury trial is a saved remedy under the DOHSA savings clause.[10]

A procedural mechanism for adjudicating a claim is a "remed[y]" available for enforcing that claim. Explaining the "fundamental" distinction between "rights" and "remedies" for purposes of the similar "saving to suitors" clause of 28 U.S.C. § 1333 (1), the Supreme Court explained: "A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury." *Lewis* v. *Lewis & Clark Marine, Inc., supra* at 445, quoting *Chelentis* v. *Luckenbach S.S. Co.,* 247 U.S. 372, 384 (1918). State procedures allowing for jury trials, and establishing the requirements for claiming a jury trial, are part of the "means employed" to pursue substantive claims. Those procedures operate to establish who the trier of fact will be — a jury (if properly and timely claimed) or a judge (if neither party makes a timely claim for jury trial). Mass. R. Civ. P. 38 (b) and (d), 365 Mass. 800 (1974). Indeed, the Supreme Court has identified trial by jury as an "obvious" example of the "remedies" saved under the "saving to suitors" clause in § 1333 (1). *Lewis* v. *Lewis & Clark Marine, Inc., supra* at 454-455. See *Atlantic & Gulf Stevedores, Inc.* v. *Ellerman Lines, Ltd.,* 369 U.S. 355, 359-360 & n.2 (1962) (pursuant to § 1333 [1], admiralty claims in personam may be brought "in an ordinary civil action," and when brought in Federal court by reason of diversity of citizenship, parties have right to trial by jury); *Powell* v. *Offshore Navigation, Inc.,* 644 F.2d 1063, 1065-1066 (5th Cir.), cert. denied, 454 U.S. 972 (1981) (same); G. Gilmore & C.L. Black, Admiralty § 6-62 (2d ed. 1975) (plaintiffs who could invoke either diversity or Federal question jurisdiction thereby obtained jury trial on maritime claims). The "saving to suitors" clause also operates to preserve the remedy of a jury trial for maritime claims brought in State court. See *Ghotra* v. *Bandila Shipping, Inc.,* 113 F.3d 1050, 1054 (9th Cir. 1997), cert. denied, 522 U.S. 1107 (1998); *Linton* v. *Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1487 (5th

---

[10]Commentators have similarly concluded that one of the ramifications of *Offshore Logistics, Inc.* v. *Tallentire, supra,* is that jury trials are now available for DOHSA claims filed in State court. See 2 Benedict, Admiralty §§ 81b, 82c (LexisNexis 2001); Note, Admiralty — Death on the High Seas Act, 53 J. Air L. & Com. 261, 287 (1987).

Cir.), cert. denied, 506 U.S. 975 (1992); *Hebert* v. *Diamond M. Co.*, 367 So. 2d 1210, 1215-1216 (La. Ct. App. 1978); *Kilfoil* v. *Ullrich*, 275 A.D.2d 53, 55-56 (N.Y. 2000). See also *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U.S. 109, 123-124 (1924) (State law enforcing arbitration agreement between parties to admiralty dispute was among saved "remedies" under § 1333 [1]).

Use of the remedy of a jury trial does not undermine or conflict with DOHSA or with substantive Federal maritime law. While, as a matter of historical practice, Federal courts did not provide jury trials for admiralty claims, nothing in the United States Constitution, Federal statutes, or the Rules of Federal Procedure "forbid[s] jury trials in maritime cases." *Fitzgerald* v. *United States Lines Co.*, 374 U.S. 16, 20 (1963). The legislative history of DOHSA does not suggest any policy against the use of jury trials. See *Moragne* v. *States Marine Lines, Inc.*, 398 U.S. 375, 400 n.14 (1970). Utilizing the mechanism of a jury trial does nothing to expand or alter the provisions of DOHSA — the time within which the claim must be brought, the identification of the surviving beneficiaries who are entitled to recover, the requirement that they demonstrate a "wrongful act, neglect, or default" that caused the death, the limitation of their damages to the "pecuniary loss" they sustained, or the reduction of damages for contributory negligence (if any). 46 U.S.C. App. §§ 761, 762, 763a, 766. The defendant points to no conflict between the use of a jury as the trier of fact and any substantive provision of DOHSA or Federal maritime law.

We recognize that, because of DOHSA's reference to a claim in "admiralty" and the historic lack of jury trials for proceedings in "admiralty," some courts have concluded that jury trials are not available for DOHSA claims. See, e.g., *Favaloro* v. *S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987); *Friedman* v. *Mitsubishi Aircraft Int'l, Inc.*, 678 F. Supp. 1064, 1065-1066 (S.D.N.Y. 1988), and cases cited. We are not persuaded by that analysis. As discussed above, it has long been recognized that various forms of "admiralty" claims may be tried to a jury if the Federal court's jurisdiction has been invoked on the basis of diversity of citizenship. See *Atlantic & Gulf Stevedores, Inc.* v. *Ellerman Lines, Ltd.*, *supra*; *Ghotra* v. *Bandila Shipping, Inc.*, *supra*; *Powell* v. *Offshore Navigation, Inc.*, *supra*;

G. Gilmore & C.L. Black, *supra*. The mere fact that DOHSA claims are in "admiralty" does not distinguish them from other "admiralty" claims over which some nonadmiralty court has jurisdiction and accords jury trials. If conducting a jury trial conflicted with some inherent attribute of "admiralty," the Court would not have identified it as an "obvious" example of the "remedies" available to suitors bringing maritime claims in other forums. *Lewis* v. *Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-455 (2001).

Rather than posing some conflict with DOHSA or maritime law such that we must forbid jury trials in all DOHSA cases, jury trials are routinely available to DOHSA plaintiffs by way of other procedural devices. Where a DOHSA claim is brought along with some other claim on which there is a right to a jury trial (for example, a claim under the Jones Act, 46 U.S.C. App. § 688 [2000]), a jury will decide the DOHSA claim along with the other claim or claims. See *Red Star Towing & Transp. Co.* v. *"Ming Giant,"* 552 F. Supp. 367, 374-375 (S.D.N.Y. 1982); *Gvirtsman* v. *Western King Co.*, 263 F. Supp. 633, 634-635 (C.D. Cal. 1967). See also *Vodusek* v. *Bayliner Marine Corp.*, 71 F.3d 148, 152-154 (4th Cir. 1995) (where plaintiff brought death claim against one defendant invoking diversity jurisdiction, but invoked only admirality jurisdiction as to second defendant with whom diversity was lacking, claims against both defendants should have been tried before jury).[11] If the use of juries to decide DOHSA claims undermined DOHSA or any other aspect of Federal maritime law, one would expect that Congress would have taken some action to restrict DOHSA plaintiffs to bench trials. Despite the common practice of combining DOHSA claims with Jones Act or other claims (and thereby obtaining a jury trial on DOHSA claims), Congress has done nothing to impose such a restriction.

We thus conclude that trial by jury, as allowed by our law, qualifies as a "remedy" saved to the plaintiffs by the DOHSA

---

[11]The plaintiffs here argued that consolidation of their DOHSA actions with Uncle Sam's common-law claims entitled them to submit their DOHSA claims to the jury along with Uncle Sam's common-law claims. Because of our ruling that parties to DOHSA actions in the Superior Court are entitled to trial by jury, we need not address this alternative theory.

savings clause, and the plaintiffs' request for trial by jury therefore should have been allowed. On answers to special questions, the jury found in favor of the plaintiffs; in accordance with those answers, judgment should have been entered in favor of the plaintiffs.[12] We therefore vacate the judgment entered in favor of the defendant, and remand the matter for entry of judgments in favor of the plaintiffs.

*So ordered.*

---

[12]At oral argument, Rose's Oil indicated that, in the event judgments were to enter for the plaintiffs, it would move for judgment notwithstanding the verdict on the DOHSA claims, just as it did with respect to the common-law claims of Uncle Sam. See note 5, *supra.* The plaintiffs' present appeal has not placed before us any issue other than that of their right to a jury trial, and our order that judgment be entered in favor of the plaintiffs therefore expresses no opinion as to the merits of any motion for judgment notwithstanding the verdict.