Donna Curcuru[1] *vs.* Rose's Oil Service, Inc.
(and three companion cases[2]).

No. 06-P-1475.

Suffolk. April 12, 2007. - July 3, 2007.

Present: Kantrowitz, McHugh, & Graham, JJ.

*Admiralty. Vessel,* Seaman. *Damages,* Interest. *Judgment,* Interest.

A Superior Court judge, in calculating postjudgment interest on judgments obtained under the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761 et seq. (2000), on claims brought under DOHSA's savings clause, 46 U.S.C. § 767, did not err in applying the Federal postjudgment interest rate contained in 28 U.S.C. § 1961 (2000), given the need for consistency with Federal law in maritime cases where interest awards are at issue. [512-513]

Civil actions commenced in the Superior Court Department on September 25, 1996; April 16, 1997; August 8, 1997; and August 27, 1997, respectively.

Following review by the Supreme Judicial Court, 441 Mass. 12 (2004), and the Appeals Court, 66 Mass. App. Ct. 200 (2006), entry of judgment after rescript was ordered by *Carol S. Ball,* J.

*Joseph G. Abromovitz* (*Brian S. McCormick & Stephen M. Ouellette* with him) for Donna Curcuru & others.

*Thomas E. Clinton* (*Robert E. Collins* with him) for Rose's Oil Service, Inc.

Kantrowitz, J. The sole question on appeal is whether post-

---

[1]Individually and as administratrix of the estate of Nicholas Curcuru.

[2]Joanne Giovinco, individually and as administratrix of the estate of Peter Giovinco, *vs.* Rose's Oil Service, Inc.; Vera Curcuru, individually and as administratrix of the estate of Salvatore Curcuru, *vs.* Rose's Oil Service, Inc.; Maria Ramos Carrapichosa, individually and as administratrix of the estate of Manuel F. G. Carrapichosa, *vs.* Rose's Oil Service, Inc.

judgment interest on judgments obtained under the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761 et seq. (2000), in Superior Court under a "savings" clause, see 46 U.S.C. § 767, is calculated under Federal law, pursuant to 28 U.S.C. § 1961 (2000), or under Massachusetts law, pursuant to G. L. c. 235, § 8. We agree with the Superior Court judge and conclude that the Federal statute applies.

*Background.*[3] This case arises from the sinking of a fishing vessel — the Italian Gold — during bad weather on the high seas on September 5, 1994. The surviving spouses of the crew members lost on the voyage filed suit against Rose's Oil Service, Inc., for wrongful death[4] under DOHSA. They brought their suits in Superior Court pursuant to the DOHSA "savings" clause. See 46 U.S.C. § 767. The DOHSA "savings" clause provides that "[t]he provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this Act." 46 U.S.C. § 767. "As interpreted by the Supreme Court, this section operates as a 'jurisdictional saving clause,' allowing State courts to exercise concurrent jurisdiction over DOHSA claims and to 'apply such state remedies as [are] not inconsistent with substantive federal maritime law.' " *Curcuru* v. *Rose's Oil Serv., Inc.*, 441 Mass. 12, 15-16 (2004), quoting from *Offshore Logistics, Inc.* v. *Tallentire*, 477 U.S. 207, 221, 224 (1986). Ultimately, after extensive litigation, appeal, and a remand, judgments after rescript entered in favor of the plaintiffs.

In the present appeal, the narrow question is whether the trial judge erred in applying the Federal postjudgment interest rate (2.07 percent) pursuant to 28 U.S.C. § 1961, as opposed to the Massachusetts postjudgment interest rate (8.14 percent) pursuant to G. L. c. 235, § 8.

---

[3]Because of the narrow issue presented, only the facts and background pertinent to this appeal have been included. For an extensive procedural and factual history of this case, see *Curcuru* v. *Rose's Oil Serv., Inc.*, 441 Mass. 12 (2004), and *Curcuru* v. *Rose's Oil Serv., Inc.*, 66 Mass. App. Ct. 200, cert. denied, 127 S. Ct. 558 (2006).

[4]Rose's Oil Service, Inc., performed repairs on the Italian Gold in April and July of 1994, just prior to the accident. The surviving spouses alleged Rose's Oil Service, Inc., negligently performed the repairs, which conduct was said to be a substantial cause of the accident.

*Discussion.* The decision in *Militello* v. *Ann & Grace, Inc.*, 411 Mass. 22 (1991), provides significant guidance. In that case, the plaintiff brought suit in Superior Court against the defendant under the "saving to suitors" clause contained in 28 U.S.C. § 1333 (1988),[5] and was awarded damages for violation of the Jones Act, 46 U.S.C. § 688 (1988), and for unseaworthiness and cure under general maritime law. *Id.* at 23. The clerk of the Superior Court then added prejudgment interest to the damages pursuant to G. L. c. 231, § 6B (1990 ed.). *Id.* at 24. On appeal, the defendant argued that both prejudgment and postjudgment interest should have been assessed according to Federal law, not Massachusetts law. *Ibid.* The Supreme Judicial Court, citing the need for consistency with Federal law, agreed and held that in "maritime cases brought under the saving to suitors clause," courts must follow the Federal statute in assessing prejudgment and postjudgment interest. *Id.* at 28-29. See *Budish* v. *Daniel*, 417 Mass. 574, 578 n.6 (1994).

We see no reason to deviate from the rationale set forth in *Militello*. The plaintiffs' DOHSA claims are maritime claims. See *Curcuru* v. *Rose's Oil Serv., Inc.*, 441 Mass. at 14 ("a DOHSA claim is an 'admiralty claim' "). The plaintiffs brought their claims in State court under the DOHSA "savings" clause which " 'bears a marked similarity' to the savings clause of § 1333(1) and has the same [e]ffect on a State court's exercise of concurrent jurisdiction. *Offshore Logistics, Inc.* v. *Tallentire*, [477 U.S. 207,] 222-224 [(1986)]. As such, cases interpreting the 'saving to suitors' clause of § 1333(1) provide guidance with respect to the interpretation and application of the DOHSA savings clause." *Curcuru* v. *Rose's Oil Serv., Inc.*, 441 Mass. at 16 n.9.

*Conclusion.* Because the Supreme Judicial Court has articulated

---

[5] "This statute provides in part as follows: 'The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.' The 'saving to suitors' clause allows plaintiffs to bring maritime claims at law rather than in admiralty before either a Federal District Court (if the plaintiff meets the requirements for Federal diversity jurisdiction) or a State court. Under this clause, the State courts have concurrent jurisdiction to decide in personam admiralty claims like those made by the plaintiff. See *Madruga* v. *Superior Court*, 346 U.S. 556, 561 (1954); *Keough* v. *Cefalo*, 330 Mass. 57, 60 (1953)." *Militello* v. *Ann & Grace, Inc.*, 411 Mass. at 23 n.1.

a "need for consistency with Federal law . . . in maritime cases" where interest awards are at issue, *Militello* v. *Ann & Grace, Inc.*, 411 Mass. at 28, and has instructed that case law pertaining to § 1331(1) should inform our interpretation of issues in cases under the DOHSA savings clause, postjudgment interest on the plaintiffs' DOHSA judgments should be calculated pursuant to Federal law under 28 U.S.C. § 1961.

*Judgments after rescript affirmed.*